WAYNE W. WINTHERS, CITY ATTY. #134659
RYAN LUMM, ASSIST. CITY ATTY. #286564
CITY OF ORANGE
300 East Chapman Avenue
Orange, California 92866
(714) 744-5580

Attorneys for Defendants CITY OF ORANGE, OFFICER EVAN SMITH, and OFFICER JORDAN UEMURA

PUBLIC ENTITY FILING

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| JAMIE MOORE, an individual and successor-in-interest of JUSTIN BROWN HARRIS, deceased,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF ORANGE; COUNTY OF ORANGE; CHARLIE BROWN, a nominal defendant; JOE HARRIS, a nominal defendant; and DOES 1 through 35, inclusive,<br><br>Defendants. | CASE NO.: 8:17-cv-1024 JVS (JCGx)<br><br>**Assigned for All Purposes to:**<br>HON. JAMES V. SELNA<br><br>STIPULATED PROTECTIVE ORDER<br><br>DEPT.: 10C<br>COMPLAINT FILED: June 14, 2017<br>TRIAL DATE: None Set |

**WHEREAS**, the parties have met and conferred and wish to avoid a protracted discovery dispute concerning confidential information. The parties have now agreed to the following protective order pertaining to City of Orange Police Department reports, personnel records of Officers Evan Smith and Jordan Uemura, and documentation related to any complaints and investigations of excessive force and any subsequent retraining as well as any complaints and investigations of related to untruthfulness. These documents will be produced once the protective order is executed and will be BATES stamped beginning OR02601.

1

STIPULATED PROTECTIVE ORDER

1     **IT IS HEREBY STIPULATED** by and through undersigned counsel that:

2     1. Counsel for the parties and retained consultants and/or experts shall have sole custody and control over the confidential information BATES Stamped and produced by the City of Orange.

2. This information contain in the records BATES stamped is deemed confidential (hereinafter referred to as "information"), except to the extent set forth within the Order and shall be used solely in connection with this litigation and the preparation and trial of this case, or any related appellate proceedings, and not for any other purpose, including any other litigation, and may not be disclosed or disseminated to other persons, including any other counsel as set forth in paragraph 5 herein.

3. Counsel for the parties alone will have custody, control and access to the information, and will be prohibited from releasing or disseminating it to other persons including legal counsel other than as set forth in paragraph 5 herein.

4. Counsel for the parties may make copies of the information but counsel will be prohibited from releasing or disseminating the information or copies of the information other than as set forth in paragraph 5 herein.

5. The information may be disclosed only in the preparation of this action, subject to this stipulation and only to the persons identified in sections a through e listed below. Disclosure of the information for purposes of trial or any appellate proceeding shall be taken up with the judicial officer(s) conducting that proceeding at the appropriate time. If dissemination under this section occurs, the disclosure shall be accompanied with a copy of this Protective Order and written instructions from counsel directing compliance with same:

     a. Counsel and law office personnel for any party to this action including outside counsel assisting in the litigation of the mater;

     b. Court personnel including stenographic reporters engaged in such proceedings as are necessarily incident to preparation for trial in this action;

PUBLIC ENTITY FILING

        c.      Any outside expert or consultant specifically retained and used in connection with this action;

        d.      Any "in-house" experts designated by the parties to testify at trial in this matter;

        e.      Any party to this action, however, counsel will maintain custody of the information produced by the City of Orange and no copy of the information will be turned over to the possession of the individual parties.

6. Nothing in this Protective Order is intended to prevent officials or employees of the City of Orange or other authorized government officials from having access to the information as they would have had access in the normal course of their job duties.

7. At the conclusion of the trial of any appeal, or upon other termination of this litigation, the documents BATES stamped (including any copies made or transcripts of the recorded information) shall be tendered back to the City of Orange through its counsel.

8. Provisions of this Order shall be in effect until further order of the Court or by stipulation by counsel.

The within Stipulation may be signed in counterparts and by facsimile.

////
////
////
////
////
////
////
////

3

STIPULATED PROTECTIVE ORDER

STIPULATED PROTECTIVE ORDER

**IT IS SO STIPULATED:**

Dated: February 26, 2018

THE LAW OFFICE OF KEVIN S. CONLOGUE and LAW OFFICES OF GABRIEL H. AVINA

By: /s/ Kevin S. Conlogue
Kevin S. Conlogue, Esq.
Gabriel H. Avina, Esq.
Attorneys for Plaintiff, JAMIE MOORE

Dated: February 26, 2018

CITY OF ORANGE
Wayne W. Winthers, City Attorney

By: /s/ Ryan E. Lumm
Ryan Lumm, Assistant City Attorney
Attorney for Defendants, CITY OF ORANGE and OFFICER EVAN SMITH and OFFICER JORDAN UEMURA

**IT IS SO ORDERED.**

Dated: March 5, 2018

JAY C. GANDHI
U.S. MAGISTRATE JUDGE